IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| THOMAS E. DOUGHTY | : | |
| --- | --- | --- |
| | : | |
| v. | : | CIVIL ACTION NO. 19-478 |
| | : | |
| PHELAN, HALLINAN, DIAMOND & JONES LLP, ET AL. | : | |

McHugh, J.                                                                                                   March 29, 2019

**MEMORANDUM**

      This case arises out of a series of events culminating in Plaintiff's loss of his home in a foreclosure action and his subsequent ejectment from that home. After challenging the foreclosure and ejectment in a variety of state court proceedings as well as a separate case before this Court, Plaintiff brought this action against Defendants—attorneys who represented the original mortgage holder, Wells Fargo, in the foreclosure action. Plaintiff again raises claims under the Fair Debt Collection Practices Act (FDCPA), but he argues that these claims are distinct from his previous allegations because they center on new evidence that his signature was forged on the original promissory note and mortgage. Defendants have moved to dismiss the Complaint on several grounds, including that the FDCPA statute of limitations bars Plaintiff's claims. Because I agree that the claims are time-barred, I will grant the Motion to Dismiss with prejudice.

**I.**     **Factual Background**

      On July 20, 2007, Defendants contend that Plaintiff executed a promissory note and mortgage with Wells Fargo. These documents were at the center of the previous litigation

1

surrounding the foreclosure, and their authenticity was not questioned.[1] Now, however, Plaintiff claims that his signature was forged on both documents. He claims that he was unaware of the forgery until he retained a handwriting expert on September 20, 2018, who found "that the signatures on the Doughty foreclosing documents supplied by Phelan himself and filed into the County Recorder of Deeds Office were not the genuine or original signature of Thomas E. Doughty." Pl.'s Compl. ¶ 32, ECF No. 1. Plaintiff claims that Defendants knew the notes were forged and deliberately concealed that fact.

Defendants commenced a foreclosure action on behalf of their client, Wells Fargo, on March 13, 2014. Defs.' Mot. Dismiss Ex. 2, ECF No. 7-3. Plaintiff was served with the foreclosure complaint on March 23, 2015. Defs.' Mot. Dismiss Ex. 3, ECF No. 7-3. A Sheriff's sale occurred on November 16, 2017, and Plaintiff was ejected from the property on February 5, 2019, despite his continued efforts to challenge the foreclosure and ejectment in both state and federal court.

**II.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(6), as amplified by *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009), provides the standard for consideration of Defendants' Motion to Dismiss.

**III.    Discussion**

Defendants argue, and I agree, that Plaintiff's claims are time-barred. All of Plaintiff's claims are based on the FDCPA. As I noted when I previously dismissed Plaintiff's FDCPA claims against Wells Fargo, "[t]he FDCPA provides for a statute of limitations of one year." *Doughty v. Wells Fargo Bank, N.A.*, 2018 WL 1784159, at *3 (E.D. Pa. Apr. 13, 2018) (citing 15

---

[1] I have described the circumstances of this litigation at some length in my memorandum opinion in Civil Action 17-5018. *See Doughty v. Wells Fargo Bank, N.A.*, 2018 WL 1784159 (E.D. Pa. Apr. 13, 2018).

U.S.C. § 1692k(d)).  As in that case, the fact that circuits are divided[2] on whether the "statute of limitations for an improper debt collection action begins with the filing of the underlying collection action, or at the time the debtor is served with the complaint" is of no consequence here, because Plaintiff's claim is barred under both standards.  *Id.*  The most recent date offered is March 23, 2015, when Plaintiff was served with the foreclosure complaint.  Even if that date were adopted as the date when the statute of limitations period began, Plaintiff filed this action on February 1, 2019, well beyond the one-year limit.

Plaintiff does not dispute that more than one year has passed, but he argues that the discovery rule tolled the FDCPA statute of limitations until September 20, 2018, when a handwriting expert concluded that Plaintiff's signatures on the mortgage and promissory note were forged.  Plaintiff's discovery rule argument fails because of the Third Circuit's decision in *Rotkiske v. Klemm*, 890 F.3d 422 (3d Cir. 2018).  Although Plaintiff is correct that *Rotkiske*, preserved the availability of equitable tolling in FDCPA cases, the Court of Appeals explicitly *declined* to read the statute to contain an implied discovery rule.  *Id.* at 425, 428.  The Court concluded that the statute of limitations runs from the date when the injury occurred, rather than when the aggrieved party should have known of the injury.  *Id*. at 425.  The FDCPA statute of limitations therefore bars Plaintiff's claims.

To the extent that Plaintiff invokes equitable tolling, this case does not meet the standard for its application.  The Third Circuit did not "foreclose the possibility that equitable tolling might apply to FDCPA violations that involve fraudulent, misleading, or self-concealing conduct."  *Id.* at 428 (citing *Bailey v. Glover*, 88 U.S. (21 Wall.) 342, 348 (1874)); *see also Glover v. F.D.I.C.*, 698 F.3d 139, 151 (3d Cir. 2012) (considering and rejecting equitable tolling

---

[2]  *Schaffhauser v. Citibank (S.D.) N.A.*, 340 F. App'x 128, 130-31 (3d Cir. 2009).

in an FDCPA case). Equitable tolling still applies where a defendant "has actively misled the plaintiff respecting the plaintiff's cause of action," but "a plaintiff will not receive the benefit of equitable tolling unless she exercised due diligence in pursuing and preserving her claim." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009). In general, however, "[e]quitable tolling is extended only sparingly." *Glover*, 698 F.3d at 151.

Plaintiff argues equitable tolling should apply here because Defendants knowingly and fraudulently concealed the forgery of Plaintiff's signatures on the mortgage and promissory note, and according to Plaintiff, he could not have learned of the forgery until September 2018. This argument carries no weight whatsoever. In a contract dispute where the very right of an opposing party to enforce the contract depends upon its legitimacy, the threshold issue is whether the party being sued actually entered into the contract. Plaintiff would ***necessarily*** know whether he signed the mortgage and promissory note, yet he has never, to this Court's knowledge, claimed he did not sign those documents, on which all parties relied throughout the previous proceedings. Even if one were to assume Defendants "actively misled" Plaintiff, I could not possibly conclude he "exercised due diligence" if he failed to notice that his signature was forged. *See Santos*, 559 F.3d at 197. Plaintiff raises the forgery allegation for the first time now in an apparent effort to breathe life back into previously dismissed challenges to the foreclosure and ejectment. Plaintiff has not "been prevented from filing in a timely manner due to sufficiently inequitable circumstances" to warrant tolling of the FDCPA statute of limitations. *Glover*, 698 F.3d at 151 (quoting *Santos*, 559 F.3d at 197).

Plaintiff's other requests for relief from the foreclosure and ejectment also lack merit. At various points in his Complaint, Plaintiff refers to requests for such relief under Federal Rules of

Civil Procedure 59 and 60(d).[3] Neither of these rules provides me with the authority to vacate or set aside the state court foreclosure proceedings. Plaintiff similarly makes periodic mention of the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, although he has not asserted a separate declaratory judgment claim. To the extent Plaintiff renews his request for declaratory judgment as a basis for relief from the foreclosure and ejectment, I must deny the request for the same reasons identified in my opinion in Civil Action 17-5018. *Doughty*, 2018 WL 1784159, at *3 (dismissing Plaintiff's declaratory judgment claims based on the *Rooker-Feldman* doctrine).

I will therefore grant Defendants' Motion to Dismiss and will dismiss Plaintiff's entire Complaint with prejudice. An appropriate order follows.

                                                                           /s/ Gerald Austin McHugh
                                                                          United States District Judge

---

[3] I also previously denied Plaintiff's request for a Temporary Restraining Order or Preliminary Injunction under Federal Rule of Civil Procedure 65. *See* Order dated February 4, 2019, ECF No. 3.